1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   TALMER BANK AND TRUST,                    )
8                        Plaintiff,            )          Case No. 2:16-cv-01195-JAD-GWF
                                              )
9   vs.                                        )          **ORDER**
                                              )
10  ROBBILYN FORTSON, *et al*,                 )
                                              )
11                                             )
12                       Defendants.           )
    _____)

13        This matter is before the Court on Plaintiff's Motion for Service by Publication (ECF No. 9)

14  and Motion to Extend Time to Effect Service (ECF No. 10), filed on August 8, 2016.

15        Plaintiff moves for an order granting permission to serve Defendant Robbilyn Fortson by

16  publication.  Plaintiff also requests an 45 day extension of time to effectuate service on Defendant

17  Fortson.  Plaintiff filed its Complaint on May 27, 2016.  Proof of Service was due by August 25,

18  2016.  The Court has broad discretion to extend time for service.  *Efaw v. Williams*, 473 F.3d 1038,

19  1041 (9th Cir. 2003).  The Court may extend the time for service if the plaintiff establishes that

20  good cause exists for the failure to serve by the deadline.  Fed. R. Civ. P. 4(m).  Plaintiff has

21  sufficiently demonstrated diligence in attempting to effectuate service on Defendant Fortson.

22  Plaintiff has attempted personal service on Defendant Fortson, and has tried to locate Defendant's

23  address for service.  Plaintiff has sufficiently demonstrated that good cause exists for its failure to

24  effectuate service on Defendant Fortson.

25        Pursuant to Fed. R. Civ. P. 4(e), service of summons by publication is governed by the law

26  of the state in which the District Court is located.  Nevada R. Civ. P. 4(e)(1)(i) provides that the

27  Court may permit service by publication if, after a demonstration of due diligence, the plaintiff is

28  unable to find the defendant within the state or the plaintiff shows that defendant is within the state

but avoiding the service of summons.  The question of due diligence is within the Court's

discretion, as there is no objective, formulaic standard for determining what is, or is not, due

diligence under Nevada law.  *Abreu v. Gilmer,* 985 P.2d 746, 749 (Nev. 1999).  Instead, due

diligence is determined by "the qualitative efforts of a specific plaintiff seeking to locate and serve a

specific defendant."  *Abreu*, 985 P.2d at 749.  Plaintiff has demonstrated that it has diligently

attempted to locate and serve Defendant Fortson.  Despite these efforts, Plaintiff has been unable to

serve Defendant.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication (ECF No. 9)

and Motion to Extend Time to Effect Service (ECF No. 10) are **granted**.  Defendant Fortson may be

served by Plaintiff through publication of the summons and complaint in this case at least once a

week for four (4) consecutive weeks in the Nevada Legal News, which is a newspaper of general

circulation published in Las Vegas, Nevada.

**IT IS FURTHER ORDERED** that Plaintiff shall deposit a copy of the summons and

complaint in the post office via first class certified mail, directed to Defendant Robbilyn Fortson's

last known physical addresses at 1284 Hart Avenue, Las Vegas, Nevada 89106.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 10, 2016** to complete

service upon Defendant Fortson.

**DATED** this 8th day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

2